from the practice of law in the District of Columbia. He may apply for reinstatement after he is reinstated in Maryland or after the passage of five years, whichever occurs first. Reinstatement in the District of Columbia shall be conditioned on respondent's proof of his fitness to practice law. We note, in addition, that the affidavit filed by respondent in this proceeding is not in substantial compliance with D.C. Bar Rule XI, § 14. We therefore direct respondent's attention to the requirements of that rule and the effect of non-compliance with those requirements on his eligibility for reinstatement. *See* D.C. Bar Rule XI, § 16(c).

ORDERED that respondent is indefinitely suspended from the practice of law in the District of Columbia, effective immediately, and that all disciplinary matters pending against respondent be held in abeyance until further order of the Court, pursuant to Rule XI, § 13(e). Respondent's reinstatement to the District of Columbia Bar shall be in accordance with the provisions of D.C. Bar Rule XI, § 13(g). It is

FURTHER ORDERED that respondent shall file an affidavit in compliance with D.C. Bar Rule XI, § 14(g), and shall serve copies of the affidavit on Bar Counsel and the Board on Professional Responsibility.

## In the Matter of Charles F. STOW, III, Esquire.

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 00–BG–1637.**

District of Columbia Court of Appeals.

Jan. 18, 2001.

Before TERRY and STEADMAN, Associate Judges and KERN, Senior Judge.

### ORDER

PER CURIAM.

On consideration of the petition of the Board on Professional Responsibility pursuant to D.C. Bar Rule XI, § 13(c), for suspension of respondent for disability and to hold all disciplinary proceedings against respondent in abeyance, and respondent having interposed no objection thereto, it is

## In the Matter of Nelson Joel KLINE, Esquire.

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 00–BG–1636.**

District of Columbia Court of Appeals.

Jan. 18, 2001.

Before TERRY and STEADMAN, Associate Judges and KERN, Senior Judge.

### ORDER

PER CURIAM.

On consideration of the petition of the Board on Professional Responsibility pursuant to D.C. Bar Rule XI, § 13(c), for suspension of respondent for disability and to hold all disciplinary proceedings against respondent in abeyance, and respondent having interposed no objection thereto, it is